ADOLPHUS C. SCHÆFER & COMPANY, plaintiffs in error, *vs.*
T. B. HUNNEWELL & COMPANY, defendants in error.

Even in cases where the bill charges fraud, if the Judge be satisfied, from
the answer or exhibits, or by affidavits, that the equity of the bill is
disposed of, and dissolve or refuse an injunction, this Court will not
reverse the judgment, unless it appear that the Judge has erred on
some question of law, or is grossly mistaken in his judgment on the
facts.

Injunction. Fraud. Before Judge STROZIER. Decatur
county. At Chambers. February 22d, 1873.

Schæfer & Company filed their bill against Hunnewell &
Company and W. W. Harrell, sheriff of Decatur county, mak-
ing the following case :

Hunnewell & Company obtained a judgment on attachment
against complainants at the November term, 1872, of Decatur
Superior Court, for $2,371 09, under the following circum-
stances : Complainants owned a factory in Decatur county,
where they manufactured osnaburgs, shirting, sheeting and
other goods, of which one William G. D. Tonge was superin-
tendent. On December 14th, 1871, complainants were in-
debted to Hunnewell & Company $162 90 on open account,
and $2,250 00 on two drafts drawn by said Tonge—one for
$1,400 00, and the other for $850 00. A few days before the
day last aforesaid, complainants failed in business in the city,
county and State of New York, where they were doing busi-
ness, and being anxious to secure to Hunnewell & Company
the full amount of their claims, on account of past favors and
kindnesses received from them, they submitted a proposition
to their creditors for the payment of said indebtedness, which
was satisfactory, and which they telegraphed and wrote on the
day last aforesaid to Tonge to submit to Hunnewell & Com-
pany, in substance, as follows : "Ship goods on hand, and as
fast as made, to Claflin, through Hunnewell, provided he
gives you sufficient advances to buy cotton and run factory,
taking balance proceeds of goods against drafts protested."
On the same day, complainants wrote more explicitly to Tonge

and to Hunnewell & Company that, inasmuch as there were many goods in the factory on the machinery, estimated by Tonge as of the value of $2,000 00, and the only way to make said goods marketable was to work them off into cloth and into other articles of commerce, that the factory should be turned over to Hunnewell & Company, free of charge or rent, and they should advance money for the buying of cotton and running the factory, and the goods and proceeds of the factory should be shipped to H. H. Claflin & Company, of New York, who were the agents of Hunnewell & Company, and, at that time, held the aforesaid drafts in favor of Hunnewell & Company, on the account of Hunnewell & Company, it being distinctly understood that the goods on hand and on the machinery should be first credited to the protested drafts; that, by this arrangement, the factory would be kept entirely out of the affairs of complainants, and Hunnewell & Company would be paid the full amount of their claims. Hunnewell & Company promptly accepted this proposition, and from that time they ran the factory, with Tonge as superintendent, until it was stopped, as hereinafter set forth, complainants having nothing to do with the same. At the time of their failure, complainants wrote to Hunnewell & Company and suggested that, if they were disposed, they might attach some of their personalty—for instance, the furniture and teams at the factory, and allow them to remain with Tonge, at a nominal rent, or at any one of complainants' plantations in said county. On December 15th, 1871, Hunnewell & Company wrote to complainants, declining to attach, alleging, as a reason, that such action would endanger the interests of complainants in said county. Such were the subsequent and frequent false and fraudulent representations made by Hunnewell & Company to complainants up to the time of the rendition of the aforesaid judgment. On the same day, Hunnewell & Company wrote to complainants, requesting them to turn over certain rent notes, then in the hands of Tonge, amounting in all to $1,265 00, as collaterals, these being asked as a security in lieu of attaching. On December 26th, 1871, Hunnewell &

Company again wrote to complainants, acknowledging that the goods they had received from the factory up to that date would pay off all of their advances, with the exception of the protested drafts, and again asking them to turn over the aforesaid rent notes against the protested drafts. Under these repeated solicitations, the rent notes were turned over to Hunnewell & Company on February 2d following. On January 6th, 1872, said Hunnewell & Company quiety, secretly, fraudulently, and without giving any notice to complainants, attached the greater portion of their lands in said county, of which action complainants had no information until after judgment on the same. On February 20th, 1872, Hunnewell & Company wrote to complainants, making the singular announcement that the factory was losing money by their running it, and unless complainants would send to them $2,000 00, they would discontinue. Whereupon, on the 24th day of the same month, complainants wrote to Hunnewell & Company to stop the factory at once, and to send to them the account sales of the cotton in the mill and on the machinery at the time the factory was turned over to them, and that whoever purchased the factory would have to pay them for the cotton on the machinery in the process of manufacture at the time the factory was stopped. On the 19th of March, 1872, Hunnewell, of the firm of Hunnewell & Company, was in New York, and while there professed the warmest friendship for complainants, and, with the intention of entrapping and deceiving them, falsely represented that he had not attached any of their lands in Georgia, and had not instituted any proceedings at law whatever against them, and gave as a reason, that had he done so, it would have proved injurious to complainants. Thus entrapped and deceived by those professing the warmest friendship, they were lulled into a fancied security. On November 22d, 1872, "to their unutterable surprise and astonishment," Hunnewell & Company wrote to complainants, stating that they, Hunnewell & Company, had obtained judgment against them, and demanding immediate payment or they would be forced to sell the lands levied on. The judg-

ment is illegal and fraudulent, inasmuch as it was obtained on the two protested drafts and an open account for $1,327 88, and said account was not proven in open Court as required by law, where there has been no personal service.

So careful were Hunnewell & Company in concealing their proceeding on the attachment, that Tonge was kept in total ignorance until the rendition of the judgment on the same. Complainants have a valid defense to said attachment, which they have been prevented from making by the fraud of Hunnewell & Company, and not from any fraud or negligence on their part. The entire claim of Hunnewell & Company has been paid off. The entire indebtedness consisted of the two drafts aforesaid and a small balance on account, amounting in all to $2,412 90, against which complainants turned over to Hunnewell & Company the goods in the factory and on the machinery at the time of their failure, estimated by Tonge as of the value of $2,000 00, and the rent notes to the amount of $1,265 00, which would leave a balance due to complainants. Hunnewell & Company, though often requested, have hitherto failed to furnish to complainants an accurate account of the goods in the factory and on the machinery at the time said factory and its contents were turned over to them. The rent notes, amounting to $1,265 00, have been collected by Hunnewell & Company. Complainants pray discovery as to the amount and value of cotton, etc., in the factory, at the time it was turned over to Hunnewell & Company, and expressly waive all further discovery. Harrell, sheriff, has levied the execution, issuing from said judgment on attachment, on the lands of complainants and has advertised the same for sale.

Complainants pray that said fraudulent judgment may be set aside; that Hunnewell & Company may be decreed to pay over the balance in their hands in favor of complainants; that the aforesaid execution may be enjoined; that the writ of subpœna may issue.

The answer of Hunnewell & Company denies that the attachment was sued out without complainants' knowledge or consent, but alleges, on the contrary, that they had express

notice. Charges that complainants were indebted to them on December 14th, 1871, on open account, $227 35, and the amount of the drafts set forth in the bill, with interest added; that the factory was never turned over to Hunnewell & Company, as charged in said bill, nor was any proposition to that effect ever made, consequently they had never accepted any such proposition, and nothing would have induced them to have entered into such an arrangement; that Hunnewell & Company, in kindness to complainants, assumed the expense and risk of running the factory for the purpose of paying off the indebtedness of complainants to them, and to show the most perfect good faith, Hunnewell & Company, after the date when complainants allege they commenced running the factory on their own account, actually paid several debts contracted by complainants before that time, amounting in the aggregate to ........., and also the open account due to themselves, leaving the drafts still due, upon which the judgment in attachment was rendered; that Tonge never was in the employ of Hunnewell & Company, but continued as he had always been, in the employ of Schæfer & Company; that the judgment was not taken until after a full account had been had between Tonge, as the agent of complainants, and Hunnewell & Company, and the amount due agreed upon; that Tonge, as the agent of complainants, employed learned counsel, to-wit: I. E. Bower, Esq., who represented the defense in Court, and was present consenting when the judgment was taken; that on March 19th, 1872, Hunnewell, of the firm of Hunnewell & Company, was in New York, and presented to George Y. Barker, one of the complainants, an account of the expense and proceeds of the factory since December 14th, 1871, by which it appeared that complainants were indebted to defendants for advances, etc., exclusive of the drafts, $7,067 40; that the proceeds of the factory amounted to $5,665 13, which left a balance due to Hunnewell & Company of $1,412 36; that this calculation was made by said Barker on a letter from Tonge to complainants, which he then held in his hands; that the account between complainants and Hunnewell & Com-

Schæfer & Company *vs.* Hunnewell & Company.

pany, on November 1st, 1872, when the rent notes became due, stood as follows:

*A. C. Schæfer & Company to T. B. Hunnewell & Company, Dr.*

| | |
|---|---|
| To balance due on account............................................... | $1,412 36 |
| To interest from April 1st to November 1st.................... | 57 66 |
| To amount paid to watchman (April)............................... | 45 00 |
| To interest to November 1st........................................... | 1 58 |
| To cash paid as protest fees on drafts............................ | 3 12 |

Balance due November 1st...........................$1,519 72

*Credits.*

| | |
|---|---|
| By proceeds sale of warps, July 23d, 1872...............$ | 270 12 |
| By interest on same to November 1st........................ | 7 88 |
| By amount of rent notes............................................ | 1,265 00 |

————$1,543 00

Leaving a balance overpaid of...............................$    23 28

Which was credited on the protested drafts before judgment was rendered thereon; that it is true that the interest on the drafts is compounded in the judgment, and they here 'offer to remit any excess there may be included therein improperly.

The bill and answer respectively were supported by letters, affidavits and accounts, which are considered unnecessary to an understanding of the decision of the Court, and are therefore omitted.

On February 22d, 1873, the Chancellor, after argument, passed the following order:

"AT ALBANY, GA., February 22d, 1873.

"This case having been set for a hearing on Monday the 17th instant, was continued to the 22d, when the defendants showed for cause by filing their answer and accompanying affidavits, and attached correspondence, fully denying all the equity in said bill, but admitting that the judgment was taken for $144 00 more than was due, and offering to remit or credit that amount upon the *fi. fa.*—

"It is ordered that upon said credit being entered upon said

*fi. fa.*, the injunction be refused and the execution be allowed to proceed.     (Signed)     "PETER J. STROZIER.

"Judge S. C., A. C."

Complainants except to this order and assign the same as error.

WHITELY & DONALDSON, represented by JACKSON & CLARKE, for plaintiffs in error.

FLEMING & RUTHERFORD, for defendant.

1st. Bill to restrain a judgment at law not favored by Courts of equity: 38 Georgia, 174, 644.

, 2d. Courts of equity will be extremely cautious in enjoining judgments at law: 3 Kelly, 226.

3d. There must be fraud, surprise or some extraordinary and uncontrollable circumstances where manifest injustice has been done to authorize a Court of equity to grant relief against a judgment at law: *Ibid.*

4th. Injunction a harsh remedy—the allegations should be direct and positive: 39 Georgia, 138.

5th. Dissolved when allegations are weak and denials strong: 29 Georgia, 503.

6th. Court will not interfere except when there is *error in law* committed: 43 Georgia, 176; 42 *Ibid.*, 640.

7th. If defendant solvent, Court will not interfere if injunction is dissolved: *Ibid.*

8th. *Damage accompanying fraud necessary* to relief: 24 Georgia, 244; 14 *Ibid.*, 316.

9th. Judgment for too much, injunction dissolved on entering credit: 23 Georgia, 352.

10th. Order does not require jury: 23 Georgia, 175.

McCAY, Judge.

Whilst we recognize the rule that in cases when the gravamen of a bill is a charge of fraud, it is the duty of the Judge to be more careful in refusing an injunction than in other cases, since fraud is so subtle and difficult of detection, yet it is also true, that a mere charge of fraud amounts to nothing,

if, on looking into the case, it is manifest the charge is not true. In this case, we think the Judge did rightly in refusing the injunction.

Taking all the facts together, we think the charge of fraud is very poorly sustained. Even admitting that the defendants gave no affirmative notice to the complainants of the attachment, and on this point the evidence is equal, still we do not think this failure was a fraud. The levy was not on the factory, but, as was suggested by the complainants, was a quiet levy on the land, and at the time it was made, as all the facts show, it was a mere measure of *precaution*, and was not expected ever to be effective. The defendants might well, under the correspondence, have attached the land, and said nothing about it. Nor can we see any motive they could have had for concealment. They did exactly what the complainant *advised* them to do.

We are clear also that there was nothing in the telegram, or in the action of Tonge and the defendants thereupon, to justify the claim of complainants that the drafts were satisfied. Clearly the correspondence shows that the defendants were merely advancing to complainants, on the agreement that the net proceeds should go on their debts. And the facts show that the judgment is only for what was due them after crediting the net proceeds of the factory.

The letters of complainants, long after the factory was closed, show that they recognized themselves to be in defendants debt. The letter of June 3d offers to turn over a judgment against Harrell, for $1,600 00, and states the defendant to be perfectly good. And the letter of August 3d, 1872, recognizes the claim of Hunnewell & Company to be at least $1,500 00, after the rent notes and the stock on hand at the factory is taken off. Nay, it proposes to pay to Hunnewell & Company $2,000 00, out of certain moneys they, the writers, expected to get.

On the whole, we think the Judge only did what was right and proper to refuse the injunction.

Judgment affirmed.